# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

RANDALL W. FOSTER,

    Plaintiff,

    v.

USIC LOCATING SERVICES, LLC,

    Defendant.

Case No. 16-02174-CM

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff Randall W. Foster's Motion to Exclude Portions of Expert Testimony of Christopher Koch (Doc. 107). For the reasons set forth below, the motion is denied.

### I. Background

Plaintiff was injured when he struck a buried electric power line with a shovel. Plaintiff alleges that this power line should have been marked by defendant's locating personnel, but the line was not marked. This lawsuit followed shortly thereafter.

Defendant has designated Christopher Koch as an expert witness to potentially testify at trial. Koch has more than 20 years experience working in the locating field, along with several other credentials listed in his Curriculum Vitae ("CV"). For example, Koch produced a DVD through Excavation Safety University on "'Basic Locating Theory' – An overview of the science behind electromagnetic locating." Koch has also published several articles, some of which discuss the science behind locating, such as "'Pixie Dust and Unicorn Tears' – on electromagnetic induction and the science of locating."

For this case, Koch prepared an expert report regarding the locating and marking of underground facilities. In his expert report, specifically from pages 9-11, Koch addressed why defendant's locator, Randy Phienthamkan, could locate the existence of underground electrical utilities south of Kansas City Power and Light ("KCPL") pole #0448, but not north of that pole. Koch stated that the condition of a power line affects the ability to locate that power line. He argues that an abnormal condition or some physical aspect, such as poor grounding or soil conditions, could have prevented a locator from detecting that power line. Koch concluded that even if Phienthamkan performed his job adequately and the equipment used was functioning properly, it is still possible that the power line north of pole #0448 could not have been located.

**II. Standard of Review**

Federal Rule of Evidence 702 determines the admissibility of an expert witness. *Daubert v. Merrell Dow Pharm, Inc.*, 509 U.S. 579, 588 (1993). Federal Rule of Evidence 702 states that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods and (d) the expert has reliably applied the principles and methods to the facts of the case.

This rule reflects the court's gatekeeping function, which requires the court to determine whether expert testimony will assist the trier of fact. *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 147 (1999). The proponent of expert testimony bears the burden of showing that the testimony is admissible. *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009). However, the rejection of expert testimony is the exception rather than the rule. Fed. R. Evid. 702 advisory committee's note.

When determining whether to exclude an expert witness, a two-part test should be applied. *Nacchio*, 555 F.3d at 1241. First, the expert must be qualified "by knowledge, skill, experience, training, or education." *Id.* Second, the proposed expert testimony must be reliable and relevant. *Id.*

**III. Discussion**

Plaintiff seeks to exclude portions of Koch's testimony, specifically portions on pages 9-11, arguing Koch does not possess the requisite expertise to testify about these matters, and that his opinion is unreliable because it is based on speculation. Plaintiff claims that Koch's opinion about "signal splitting" and his opinion on Phienthamkan's "360 degree sweep" around the light pole are unreliable as Koch is not an electrical engineer and he does not have facts to support his opinion.

**A. Qualification**

Plaintiff first argues Koch is not qualified to render an opinion about the theory of locating, specifically on "signal splitting," because he does not have education or experience as an electrical engineer or an electrical utility engineer. Federal Rule of Evidence 702 establishes that an expert must be qualified by "knowledge, skill, experience, training, or education." Fed. R. Evid. 702 advisory committee note. A witness can be qualified as an expert in a particular field through any one or more of the five bases enumerated in Federal Rule of Evidence 702. *Id.* An expert may be qualified based predominantly on experience. *Id.*

Plaintiff claims that Koch's experience qualifies him to testify to the appropriate locating procedures, but not about the electrical principles behind the locating process because he has not established he has any education in electrical engineering. However, simply because Koch lacks a degree that would ordinarily qualify a person to provide expertise on "signal splitting" does not mean Koch is not qualified as an expert on "signal splitting." *See Sprint Commc'ns Co. L.P. v. Vonage Holdings Corp.*, 500 F. Supp. 2d 1290, 1344 (D. Kan. 2007) (holding that defendant's expert witness

was well qualified to offer expert testimony in this case because the expert had over twenty-seven years of professional experience that gave him the equivalent skills or knowledge that he would have gained by obtaining a bachelor's degree in computer engineering or computer science).

Koch has more than twenty years of experience in the field of locating. And Koch's CV shows he has helped produce training DVDs, including one specifically on the science of electromagnetic locating, and has published a number of articles on locating and the science behind it. Therefore, the court finds Koch is qualified to testify on locating theory, specifically as it relates to "signal splitting," because he has extensive experience in the field of locating.

### B. Reliability

Plaintiff also argues that Koch's opinions are unreliable because they are speculative and not based on any evidence. To be reliable under *Daubert,* an expert's scientific testimony must be based on scientific knowledge, which "implies a grounding in the methods and procedures of science" based on actual knowledge, not "subjective belief or unsupported speculation." *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1222 (10th Cir. 2003) (citing *Daubert*, 509 U.S. at 590). Expert opinions "must be based on facts which enable [the expert] to express a reasonably accurate conclusion as opposed to conjecture or speculation," but "absolute certainty is not required." *Id.* (quoting *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519 (10th Cir. 1995)). The expert does not have to be undisputedly correct and his theory need not be "generally accepted" in the scientific community; rather "the [proponent] must show that the method employed by the expert in reaching the conclusion is scientifically sound and that the opinion is based on facts which satisfy Rule 702's reliability requirements." *Id.*

To assist in the assessment of whether an expert's testimony is reliable, the Supreme Court in *Daubert* listed four nonexclusive factors that the trial court may consider: (1) whether the opinion at issue is susceptible to testing and has been subjected to such testing; (2) whether the opinion has been

subjected to peer review; (3) whether there is a known or potential rate of error associated with the methodology used and whether there are standards controlling the technique's operation; and (4) whether the theory has been accepted in the scientific community. *Daubert*, 509 U.S. at 593–94.

*Opinion on "Signal Splitting"*

In the disputed portions of his expert report, Koch makes several assertions that are meant to explain why the locating technician may not have located a power line even when following all the right procedures. Plaintiff argues that Koch does not provide any concrete facts that would allow him to reach a reasonably accurate conclusion about why Phienthamkan was unable to locate the underground power line north of pole #0448. Plaintiff claims that Koch cites different explanations for why the locator was unable to locate the underground power line, but has not provided evidence to prove whether those explanations actually occurred during the incident at issue.

But Koch does not have to prove his opinions were, in fact, the cause of the incident. To be admissible under *Daubert*, Koch's opinions must be based on knowledge and scientifically sound methods. Disagreement as to the scientifically sound opinion is not grounds for exclusion; rather, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Goebel v. Denver & Rio Grande W. R. Co.,* 346 F.3d 987, 994 (10th Cir. 2003). The court finds that Koch's opinions are reliable under the *Daubert* standards and are admissible.

*Opinion on the 360-degree sweep*

Plaintiff also argues that Koch's opinion defending Phienthamkan's 360-degree sweep around the second light pole as a sufficient effort to locate an underground power line is unreliable because it contradicts plaintiff's expert witness Greg Booth's opinion. It is not up to the court to weigh the credibility or the testimony of an expert. That is the duty of the trier of fact. *See Rivera v. Volvo Cars*

*of N. Am., LLC*, No. 13-00397, 2016 WL 7383321, at *5 (D.N.M. Feb. 5, 2016) (citing *Tennant v. Peoria & P.U. Ry. Co.*, 321 U.S. 29, 35 (1944)).

**IT IS THEREFORE ORDERED** that plaintiff Randall W. Foster's Motion to Exclude Portions of Expert Testimony of Christopher Koch (Doc. 107) is denied.

Dated August 7, 2018, at Kansas City, Kansas.

                                        s/ Carlos Murguia
                                        **CARLOS MURGUIA**
                                        **United States District Judge**