## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

RANDALL W. FOSTER,

    Plaintiff,

v.

    Case No. 16-2174-CM

USIC LOCATING SERVICES, LLC,

    Defendant.

### MEMORANDUM AND ORDER

This matter is before the court on defendant USIC Locating Services, LLC's Motion to Exclude Expert Testimony of Michael Dreiling and Dr. Gary Baker. (Doc. 113.) Plaintiff seeks damages in this case for past and future lost income and the lost value of household services. Plaintiff designated Dreiling as a vocational consultant and Baker as an economist, and both offered opinions on plaintiff's past and future lost income and the lost value of household services. Defendant argues that the opinions offered by both experts are unreliable and speculative. For the following reasons, defendant's motion on the issue of future lost income is granted. Defendant's motion to exclude testimony on the lost value of household services is denied.

### I. Background

Plaintiff suffered an injury when he struck a buried electric power line with a shovel. Plaintiff alleges that this unmarked power line should have been identified by defendant's locating personnel. This lawsuit followed shortly thereafter. Plaintiff acquired Dreiling and Baker to offer opinions on the amount of damages he suffered in terms of past and future lost income and the lost value of household services.

Dreiling was designated as a vocational expert. He has a Bachelor's of Science in psychology and a Master's of Science in guidance and counseling. He has extensive work experience in the vocational field. On January 27, 2016, plaintiff underwent a vocational assessment with Dreiling, who concluded that after his injury, plaintiff's earning capacity in the open labor market is $8 to $10 per hour. Plaintiff's current rate of pay is $17.58 per hour, plus union benefits.

Baker, an economist, calculated the total economic loss plaintiff suffered, including past and future lost income and the lost value of household services. Baker was a professor at Washburn University School of Business, where he taught business finance, investments, and principals of economics. Baker has obtained several degrees, published numerous articles, and has served in multiple positions within his field. Baker had plaintiff fill out a form showing the amount of time plaintiff spent on household services before and after the injury. Baker used the information plaintiff provided in the form, along with information taken from Dreiling's report, to calculate the total economic damages plaintiff suffered.

Plaintiff argues that the damages for past and future lost income are recoverable and will accrue when he no longer holds a position at his current job. At the time of the accident and throughout this litigation, plaintiff has been employed by Rylie Equipment & Contracting Company ("Rylie"). He argues he may no longer hold a position at his current job in the future because (1) he may be terminated after his workers compensation and personal injury claims have concluded in retaliation for filing these claims; (2) he may be terminated because of changes in the economy or a reduction in business; or (3) he may voluntarily leave his employment because he can no longer handle the physical demands of his job. Plaintiff further argues the damages for the lost value of household services are reasonable because he is no longer able to perform those services.

**II. Standard of Review**

Federal Rule of Evidence 702 determines the admissibility of an expert witness. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 588 (1993). Federal Rule of Evidence 702 states that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

This rule reflects the court's gatekeeping function, which requires the court to determine whether expert testimony will assist the trier of fact. *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 147 (1999). The proponent of expert testimony bears the burden of showing that the testimony is admissible. *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009). However, the rejection of expert testimony is the exception rather than the rule. Fed. R. Evid. 702 advisory committee's note.

### III. Analysis

Defendant moves to exclude both expert opinions arguing they are based on speculation and are unreliable. When determining whether to exclude an expert witness, a two-part test should be applied. *Nacchio*, 555 F.3d at 1241. First, the expert must be qualified "by knowledge, skill, experience, training, or education." *Id.* Second, the proposed expert testimony must be reliable and relevant. *Id.*

For an expert's opinion to be reliable, the testimony must be based on "scientific" knowledge, which is defined as that which is grounded in the methods and procedures of science or "derived by the scientific method." *Daubert*, 509 U.S. at 590. In *Daubert*, the Supreme Court listed factors to be considered in this evaluation; however, where the proposed testimony is not scientific, the court is not required to apply the *Daubert* factors and the inquiry required is a flexible determination. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. at 150.

Therefore, when the factual basis, data, principles, methods, or application of an expert's non-scientific opinion are called into question, "the trial judge must determine whether the testimony has 'a

-3-

reliable basis in the knowledge and experience of [the relevant] discipline.'" *Id.* at 149. An expert's testimony must be "based on actual knowledge, not 'subjective belief or unsupported speculation.'" *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1222 (10th Cir. 2003) (quoting *Daubert*, 509 U.S. at 590). And while expert opinion "must be based on facts which enable [the expert] to express a reasonably accurate conclusion as opposed to conjecture or speculation . . . absolute certainty is not required." *Id.* (quoting *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519 (10th Cir. 1995)).

In analyzing defendants' motion under these standards, plaintiff, as the proponent of its expert's testimony, has the burden of establishing admissibility. *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 970 n.4 (10th Cir. 2001). Under *Daubert,* however, a disagreement with an expert's conclusion is not grounds for exclusion, instead, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Goebel v. Denver and Rio Grande W. R. Co.*, 346 F.3d 987, 994 (10th Cir. 2003).

*Dreiling's Opinion on Future Lost Income*

Defendant first argues that Dreiling and Baker's opinions are unreliable because they assume plaintiff will lose his employment with Rylie—whether by termination or voluntarily leaving—and will be unable to find substitute employment at the same rate of pay. Because plaintiff is still employed at Rylie and has received wage increases, defendant argues it is purely speculative to assume plaintiff will incur damages for future lost income.

Plaintiff argues it is not speculative to assume plaintiff will incur damages for future lost income because plaintiff could be terminated or voluntarily leave his position at Rylie. If plaintiff is terminated or does voluntarily leave his position at Rylie, then, according to Dreiling, plaintiff will incur damages for future lost income because he will be unable to find substitute employment with

similar benefits when compared to his employment at Rylie.  In other words, plaintiff is paid an hourly wage of $17.58 plus union benefits at Rylie.  However, if plaintiff was no longer working at Rylie, then plaintiff will only be able to find substitute employment with an hourly rate of $8 to $10 per hour.

Plaintiff supports this argument by suggesting that: (1) he may be terminated after his workers compensation and personal injury claims have concluded in retaliation for filing these claims; (2) he may be terminated because of changes in the economy or a reduction in business; or (3) plaintiff may voluntarily leave his employment at Rylie because he can no longer handle the physical rigors of his job at Rylie.  Regardless of whether plaintiff is terminated or voluntarily leaves his position at Rylie, the primary issue is whether the premise Dreiling relied upon—plaintiff's wage earning capacity being limited to $8 to $10 per hour —is a sufficient factual foundation for his opinion.

Dreiling, however, reached this opinion based on the belief that plaintiff was placed on work restrictions by a medical professional, and that these work restrictions were permanent.  Plaintiff supports this conclusion by showing that Dr. Clinton Walker placed work restrictions on him in 2014.  Some of these restrictions included, "no lifting, gripping, or squeezing over 10 pounds with right hand."  However, plaintiff fails to mention that on June 6, 2017, another doctor placed no work restrictions on him and allowed him to return to full duty.  In Dreiling's deposition, he stated that his opinion would change and there would be no vocational issues if plaintiff was no longer placed on work restrictions and returned to full duty.  Therefore, Dreiling's opinion that plaintiff's earning potential on the open market would be $8 to $10 if plaintiff left his position at Rylie is unreliable because Dreiling's opinion is not accompanied by a sufficient factual foundation.  *See Greig v. Botros*, 525 F. App'x 781, 793 (10th Cir. 2013) (holding that "'expert [ ] testimony [regarding future earnings lost] must be accompanied by a sufficient factual foundation before it can be submitted to the jury.'") (quoting *Elcock v. Kmart Corp.*, 233 F.3d 734, 754 (3d Cir. 2000)).

*Baker's Opinion on Future Lost Income*

Likewise, Baker's calculation of future lost income is unreliable because the underlying basis of that opinion lacks a sufficient factual foundation. Baker relied on Dreiling's opinion that plaintiff's earning potential on the open market would be $8 to $10 if plaintiff left his position at Rylie. *Cf. Ash Grove Cement Co. v. Emp. Ins. of Wausau*, 246 F.R.D. 656, 661 (D. Kan. 2007) (stating that an expert may rely on the opinions of another expert if they inform or contribute to his own independent opinions). However, for the reasons discussed above, Dreiling's opinion is unreliable. Therefore, Baker's opinion cannot be reliable because the basis of his opinion was reached by relying on an unreliable opinion. *See e.g. Owens v. Ford Motor Co.*, 297 F.Supp.2d 1099, 1108 (S.D. Ind. 2003) (stating that while a testifying expert may rely on another expert's opinion, the testifying expert's opinion should be rejected if the underlying opinion is unreliable) (citing *Walker v. Soo Line R.R. Co.*, F.3d 581, 588 (7th Cir. 2000)).

*Baker's Opinion on the Value of Lost Household Services*

Defendant argues that Baker's opinion regarding the value of lost household services is unreliable because it is based on speculation. Defendant claims Baker admitted his opinion measured "hypothetical" loss based solely on a one-page form completed by plaintiff. The opinion reached by Baker on the value of lost household services, however, is reliable because the methodology used was sufficient to justify admission. Plaintiff filled out a form that would give Baker an estimate of how much time plaintiff spent on household services before and after the incident. Baker then calculated the total value in lost household services by taking the time plaintiff spent on household services and multiplying it to the market value of those services. *See Cochrane v. Schneider Nat. Carriers, Inc.*, 980 F. Supp. 374, 380 (D. Kan. 1997) (stating that "a method whereby the value of services is determined by the market value for service providers is sufficiently valid," and "the method of

estimating damages for loss of services whereby the value of the services is multiplied by the amount of time those services would actually have been provided to the plaintiff[] [is valid]"). Although the form plaintiff provided to Baker may not show with absolute certainty the damages plaintiff has incurred from the loss of household services, Baker's testimony is reliable because the methodology used was sufficient to justify admission. The accuracy of the form may be challenged on cross examination at trial. *See Goebel*, 346 F.3d at 994.

**IT IS THEREFORE ORDERED** that defendant USIC Locating Services, LLC's Motion to Exclude Expert Testimony of Michael Dreiling and Dr. Gary Baker (Doc. 113) is granted in part and denied in part. Defendant's motion seeking exclusion of expert opinions of plaintiff's future lost income is granted. Defendant's motion as to loss of household services is denied.

Dated August 7, 2018, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**