# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

RANDALL W. FOSTER,

    **Plaintiff,**

    v.

USIC LOCATING SERVICES, LLC,

    **Defendant.**

Case No. 16-2174-CM

## MEMORANDUM AND ORDER

This matter is before the court on defendant USIC Locating Services, LLC's Motion to Exclude Expert Testimony of Dr. Bernard Abrams. (Doc. 109.) Plaintiff designated Dr. Abrams to provide testimony on the relationship between plaintiff's injuries and the electric shock he suffered on March 26, 2015 when he struck a buried power line with a shovel. Defendant moves to exclude Dr. Abrams's testimony, arguing it is unreliable. For the following reasons, defendant's motion is denied.

**I. Background**

On March 26, 2014, plaintiff struck a buried power line with a shovel. On October 7, 2015, Plaintiff was examined by Dr. Abrams who concluded that plaintiff's injuries were related to the electric shock he suffered and that they were likely to be long-term and require medication.

Dr. Abrams's examination involved an interview with plaintiff, a review of medical records plaintiff provided, and tests to verify plaintiff's pain. However, during his deposition, Dr. Abrams noted that plaintiff did not disclose all of the medical information that may have been relevant to Dr. Abrams's conclusion. Specifically, plaintiff did not disclose certain parts of his medical history including, (1) that he was admitted to the emergency room in 2011 for evaluation of right upper neck pain and back pain when he slipped and fell on ice; (2) in February 2012 he complained of sustained

back pain, joint pain, headaches, numbness in his hands, and poor sleep; and (3) in 2013 he was knocked unconscious during a worksite accident. Plaintiff also did not disclose that he was noncompliant in taking prescribed medications. Dr. Abrams, however, made his conclusions "with reasonable medical certainty," and in a deposition testified that he would stand by his report even knowing the inconsistencies, and that plaintiff's recounting of his medical history is "par for the course" for individuals of plaintiff's education and intellectual level.

## II. Standard of Review

Federal Rule of Evidence 702 determines the admissibility of expert testimony. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 588 (1993). Federal Rule of Evidence 702 states that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

This rule reflects the court's gatekeeping function, which requires the court to determine whether expert testimony will assist the trier of fact. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). The proponent of expert testimony bears the burden of showing that the testimony is admissible. *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009). However, the rejection of expert testimony is the exception rather than the rule. Fed. R. Evid. 702 advisory committee's note.

When determining whether to exclude an expert witness, a two-part test should be applied. *Nacchio*, 555 F.3d at 1241. First, the expert must be qualified "by knowledge, skill, experience, training, or education." *Id.* Second, the proposed expert testimony must be reliable and relevant. *Id.*

## III. Analysis

Defendant argues that Dr. Abrams's testimony should be excluded because it is based on, what defendant considers, an incomplete medical history, and is therefore speculative and unreliable.

-2-

Plaintiff claims defendant's issues with Dr. Abrams's testimony are better explored on cross-examination at trial rather than excluded in a *Daubert* motion.

For an expert's opinion to be reliable, the testimony must be based on "scientific" knowledge, which is defined as that which is grounded in the methods and procedures of science or "derived by the scientific method." *Daubert*, 509 U.S. at 590. An expert's testimony must be "based on actual knowledge, not 'subjective belief or unsupported speculation.'" *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1222 (10th Cir. 2003) (quoting *Daubert*, 509 U.S. at 590). "While expert opinions 'must be based on facts which enable [the expert] to express a reasonably accurate conclusion as opposed to conjecture or speculation . . . absolute certainty is not required.'" *Id.* (quoting *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519 (10th Cir. 1995)).

In analyzing defendant's motion under these standards, plaintiff, as the proponent of its expert's testimony, has the burden of establishing its admissibility. *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 970 n.4 (10th Cir. 2001). Under *Daubert,* however, a disagreement with an expert's conclusion is not grounds for exclusion. Fed. R. Evid. 702 advisory committee's note. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Goebel v. Denver & Rio Grande W. R. Co.*, 346 F.3d 987, 994 (10th Cir. 2003).

Defendant believes Dr. Abrams's testimony is tentative and speculative because plaintiff did not disclose information about his medical history that may have affected Dr. Abrams's opinion, specifically, his 2011 emergency room visit for back pain, his complaints of back pain, numbness and headaches in 2012, and that he was knocked unconscious in 2013. Defendant also argues that Dr. Abrams's testimony is unreliable because he was unaware that plaintiff was noncompliant in taking

prescribed medications. This may have distorted Dr. Abrams's opinion because the noncompliance may have affected the level of pain plaintiff reported.

Prior to rendering his opinion, however, Dr. Abrams evaluated plaintiff, reviewed the medical records plaintiff provided him, and conducted several tests on plaintiff. Dr. Abrams concluded that plaintiff's injuries were related to the electric shock he suffered on March 26, 2014, and were likely to be long-term and require medication. Although defendant makes several arguments identifying weaknesses in Dr. Abrams's opinion, the court finds such arguments are better suited for cross-examination at trial. *See Goebel*, 346 F.3d at 994. Therefore, this court finds that Dr. Abrams's report is reliable even though it is based on an incomplete medical history. *See Burton v. R.J. Reynolds Tobacco Co.*, 183 F. Supp. 2d 1308, 1317 (D. Kan. 2002) (denying defendant's motion to exclude expert testimony stating that "[a]ny of the alleged deficiencies in Dr. Grunberg's evaluation can be adequately addressed by cross-examination and would go to the weight of Dr. Grunberg's expert opinion.").

The court would also note that plaintiff attached a supplemental affidavit to his response to defendant's motion in which Dr. Abrams states he has now reviewed plaintiff's deposition testimony and used that testimony to resolve any concerns he may have had. The court did not rely on this affidavit in reaching its decision on defendant's motion and finds it is an untimely supplemental report.

**IT IS THEREFORE ORDERED** that defendant USIC Locating Services, LLC's Motion to Exclude Expert Testimony of Dr. Bernard Abrams (Doc. 109) is denied.

Dated August 10, 2018, at Kansas City, Kansas.

                                        s/ Carlos Murguia
                                        **CARLOS MURGUIA**

                                          **United States District Judge**