# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

RANDALL W. FOSTER,

      Plaintiff,

      v.                            Case No.  16-2174-CM

USIC LOCATING SERVICES, LLC,

      Defendant.

_____

## MEMORANDUM AND ORDER

This matter is before the court on defendant USIC Locating Services, LLC's Motion to Exclude Plaintiff's Rebuttal Expert Boyd Smith (Doc. 111). Plaintiff Randall W. Foster alleges defendant is liable for the negligence of its locator who failed to locate and mark an underground power line. Plaintiff struck the unmarked power line with a shovel and suffered an electric shock. Defendant argues plaintiff's rebuttal expert, Boyd Smith, should have been disclosed in plaintiff's initial expert disclosures and therefore his report should be excluded. For the reasons set forth, the court grants the motion.

### I. Background

On March 26, 2014, plaintiff and his co-worker were working on a project to run underground fiber optic cable into a State Farm office at 6011 Nieman Road in Shawnee, Kansas. Prior to beginning work on the project, plaintiff's supervisor contacted the Kansas One-Call system to have the underground utilities in the area located and marked. The locating work was performed by defendant's employee Randy Phienthamkan.

Upon arriving at the scene to begin the project, plaintiff conducted a walk-through of the jobsite and reviewed an AT&T map of the area showing buried utilities, including an underground power line

in the general area where the accident occurred. Plaintiff observed three streetlight poles and red markings that indicated a buried electric power line ran between the first and second poles. There were no markings in between the second and third poles, which, according to plaintiff, meant Phienthamkan had determined no underground services were buried in that area.

Plaintiff began work in the unmarked area using an underground boring machine or horizontal directional drill. While plaintiff was operating the drill, the machine's striker alert system sounded an alarm. Plaintiff did not call the One-Call center, defendant, or the utility operator. Instead, plaintiff withdrew the drill and began digging by hand with a metal shovel in the area where the drill was located when the alarm sounded. The hole plaintiff was digging was filled with water and mud, and plaintiff could not see far into the hole. As he was digging, plaintiff struck a live wire and suffered an electrical shock. He was thrown back and briefly lost consciousness.

Plaintiff filed this suit on March 18, 2016 for negligence based on defendant's failure to locate and mark the live electrical wire in the area he was working. Plaintiff retained Gregory Booth as a liability expert. Booth concluded that the locator, Phienthamkan, was negligent because he did not attempt to locate the buried power line by walking the entire length of the property. Defendant's liability expert, Christopher Koch, concluded that Phienthamkan's sweep of the property was reasonable and there were reasons why he may have failed to detect that particular underground power line. Plaintiff then designated Boyd Smith as a rebuttal expert. Smith concluded that a competent locator would perform the locate using a particular technique instead of the technique used by Phienthamkan.

## II. Discussion

Defendant asks the court to strike Smith's rebuttal testimony because his opinion is advancing a new theory of liability, claiming that defendant's locator "was negligent in attempting to obtain a

[locate] signal from a streetlight pole that was not grounded to the circuit neutral." Because he is introducing a new theory of liability, rather than rebutting defendant's expert's opinion, Smith should have been designated as a case-in-chief expert.

Plaintiff argues that Smith's testimony rebuts defendant's expert Christopher Koch's opinion that the locator's failure to locate the underground power line was reasonable, and is therefore proper rebuttal testimony. Plaintiff also claims that defendant will not be prejudiced because defendant has already deposed Smith.

Rule 26 of the Federal Rules of Civil Procedure governs the duty to disclose discovery. More specifically, Rule 26(a)(2) sets out the procedures for expert testimony disclosure. Under Rule 26(a)(2)(D), a party must disclose any expert witness it may use at trial and must do so within the time frame ordered by the court. Expert evidence "intended solely to contradict or rebut evidence on the same subject matter identified by another party" must be disclosed within 30 days after the other party's disclosure. Fed. R. Civ. P. 26(a)(2)(D)(ii).

Rebuttal evidence is "evidence which attempts to 'disprove or contradict' the evidence to which it contrasted." *Tanberg v. Sholtis*, 401 F.3d 1151, 1166 (10th Cir. 2005) (citing *Black's Law Dictionary* 579 (7th ed. 1999)). The admission of rebuttal evidence on a topic is permissible once a party has opened the door to that topic. *Id.* It is within the court's discretion whether to admit or exclude rebuttal evidence. *Id.* The Federal Rules of Civil Procedure set out specific procedures for the disclosure of rebuttal witnesses and "courts will disallow the use of a rebuttal expert to introduce evidence more properly a part of a party's case-in-chief," especially if the alleged rebuttal expert is used to introduce new legal theories. *See Stephenson v. Wyeth LLC*, No. 04-2312-CM, 2011 WL 4900039 at *1 (D. Kan. Oct. 14, 2011) (citing *SIL–FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1515 (10th Cir. 1990); *103 Investors I, L.P. v. Square D Co.*, 372 F.3d 1213, 1218 (10th Cir. 2004)).

The court agrees that Smith should have been designated as a case-in-chief expert.  In general, Smith's report concluded that any adequately trained locator would determine pole #0448 was not a proper location "for hook-up," and "the only appropriate service connection was at the KCP&L pole #37950, which is located at the south property line near Nieman Road."  Smith determined that any reasonable locator with adequate training should have been able to locate the underground power line at issue in this case.  Plaintiff claims this opinion rebuts defendant's expert Koch's conclusion that the locator's failure to locate the underground power line was reasonable.

Plaintiff retained its case-in-chief expert, Booth, to offer testimony on the locator's negligence by not walking the entire length of the property.  Plaintiff did not retain any expert to make conclusions about why the locator may have been unable to find the power line because, before Koch's report, he was "unaware of any possible reason why the underground electric line could be un-locatable." (Doc. 128, at 7.)  This, however, is not grounds for offering rebuttal evidence.  Defendant hired an expert to provide opinions as to why the locator may not have located the underground line.  This is not a novel legal theory that came as a surprise to plaintiff.  Plaintiff simply failed to prepare for every possibility when deciding what experts to designate in his case-in-chief, and now seeks to remedy this by offering new legal theories on rebuttal.  And Smith himself confirms that he was not a rebuttal expert.  Smith stated that he did not receive or review reports from other experts in this case and testified in a deposition that did not believe he was a rebuttal witness or was aware of any testimony he was rebutting.  This indicates that plaintiff used Smith to offer a new theory for why it was unreasonable for the locator to have missed the underground power line at issue rather than using him to rebut defendant's expert's testimony.

Plaintiff argues that even if Smith was an untimely disclosed case-in-chief expert, defendant is not prejudiced by the admission of his testimony.  Plaintiff claims that defendant has had the

opportunity to depose Smith and that any other prejudice suffered by defendant can be cured.  Plaintiff also admits that the admission of Smith's testimony is "inconvenient for Defendant at this point in the case, and no doubt prejudicial," but is justified because the prejudice can be cured.

Under Rule 37(c)(1) of the Federal Rules of Civil Procedure, a party is precluded from using information or witnesses not timely disclosed unless the failure to disclose was "substantially justified or is harmless."  The court considers four factors when determining whether an untimely disclosure is substantially justified or harmless: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir. 1999).

Because this case is weeks away from trial, the court does not believe admitting an untimely expert disclosure is justified.  And even if the case was not on the eve of trial, the court finds the untimely disclosure is also unjustified because there was no good reason why Smith was not disclosed as a case-in-chief expert.  Advancing a new legal theory through a rebuttal expert right before the discovery deadline, "subverts the expert disclosure process."  *Stephenson*, 2011 WL 4900039 at *3 (noting "[t]he court does not find that plaintiff acted in bad faith or in a willful manner.  But the court does believe that plaintiff saw an opportunity to designate a case-in-chief expert as a rebuttal witness by making a weak tie to the report of defendants' experts.  To allow plaintiff to present [the testimony] in this manner subverts the expert disclosure process.").

**IT IS THEREFORE ORDERED** that Defendant's Motion to Exclude Plaintiff's Rebuttal Expert Boyd Smith (Doc. 111) is granted.


Dated August 17, 2018, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**