# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**RANDALL W. FOSTER,**

    **Plaintiff,**

    **v.**

**USIC LOCATING SERVICES, LLC,**

    **Defendant.**

Case No. 16-2174-CM

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff Randall W. Foster's Motion to Reconsider Order Excluding Expert Testimony of Michael Dreiling and Dr. Gary Baker (Doc. 166). This court granted in part defendant USIC Locating Services, LLC's Motion to Exclude Expert Testimony of Michael Dreiling and Dr. Gary Baker by excluding expert testimony regarding plaintiff's future lost income. (Doc. 159.) This court found that the expert testimony on future lost income was not based on a sufficient factual foundation. Dreiling's opinion that plaintiff's wage earning capacity was reduced to $8 - $10 an hour because of his injury was founded on the premise that plaintiff had been placed on permanent work restrictions by a medical professional. Evidence in the record, however, showed that those work restrictions had been lifted.

Plaintiff now moves for reconsideration of this court's order claiming the work restrictions were only lifted for plaintiff's shoulder, and that prior permanent work restrictions regarding his right hand were still in place.

A motion for reconsideration—which is not recognized by the Federal Rules of Civil Procedure—may be construed as a motion to alter or amend the judgment under Rule 59(e) if filed within 28 days after the entry of judgment. *See Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir.

-1-

2005). Relief under Rule 59(e) is available only if a party can establish (1) there is an intervening change in controlling law, (2) there is new evidence that was previously unavailable, or (3) there is a need to correct clear error or prevent manifest injustice. *See Hayes Family Trust v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017); *see also* D. Kan. R. 7.3(b). A motion to alter or amend judgment is appropriate where the "court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). It should not be used to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Plaintiff does not articulate any grounds for asking this court to reconsider its order. Plaintiff simply argues that this court misunderstood the evidence which led to the conclusion that Dreiling's opinion was not based on a sufficient factual foundation. The court will assume that plaintiff claims it is entitled to reconsideration in order to correct clear error or prevent manifest injustice.

The error plaintiff seeks to correct lies in this court's conclusion that Dreiling's opinion was not based on a sufficient factual foundation because plaintiff has been cleared of all work restrictions as of July 6, 2017. In its order, this court noted:

> Dreiling, however, reached this opinion based on the belief that plaintiff was placed on work restrictions by a medical professional, and that these work restrictions were permanent. Plaintiff supports this conclusion by showing that Dr. Clinton Walker placed work restrictions on him in 2014. Some of these restrictions included, "no lifting, gripping, or squeezing over 10 pounds with right hand." However, plaintiff fails to mention that on June [sic] 6, 2017, another doctor placed no work restrictions on him and allowed him to return to full duty. In Dreiling's deposition, he stated that his opinion would change and there would be no vocational issues if plaintiff was no longer placed on work restrictions and returned to full duty. Therefore, Dreiling's opinion that plaintiff's earning potential on the open market would be $8 to $10 if plaintiff left his position at Rylie is unreliable because Dreiling's opinion is not accompanied by a sufficient factual foundation.

(Doc. 159, at 5.) Plaintiff claims that Dr. Satterlee, who lifted plaintiff's work restrictions on July 6, 2017, only treated plaintiff for his shoulder injury and did not offer any opinions about restrictions

-2-

related to his other possible injuries. Plaintiff notes that Dr. Clinton Walker placed him on permanent work restrictions on December 18, 2014 for injuries related to his right hand. Dr. Satterlee, according to plaintiff, did not address any work restrictions related to his hand. Plaintiff directs this court to a document prepared by Dr. Walker in which he discharged patient with permanent restrictions which include: "no lifting more than 20 lbs waist level" and "no lifting more than 10 lbs above shoulder level with the right." (Doc. 166-2.) In his deposition, Dr. Satterlee testified that he only treated plaintiff for his shoulder and, typically, he would not comment on prior work restrictions but would have referred plaintiff back to Dr. Walker to ask him if he still had restrictions.

But, as defendant points out, Dr. Satterlee also testified in his deposition that the physical therapy plaintiff completed in the summer of 2017 strengthened his right arm enough that lifting restrictions were no longer necessary. According to Dr. Satterlee, the physical therapy included rehabilitation for both plaintiff's shoulder and his hand, and when he released plaintiff from work restrictions, he found that plaintiff had enough lifting ability to do his regular work. There is no testimony or evidence, beyond the 2014 document, that Dr. Walker's restrictions were still in place despite Dr. Satterlee finding in July 2017 that plaintiff had been rehabilitated to the point where he no longer required work restrictions for heavy lifting.

Because Dreiling's assessment that plaintiff's earning capacity is $8 - $10 per hour is based on the work restrictions placed on plaintiff, Dreiling's opinion about lost future income is not supported by a sufficient factual basis. Dreiling testified that his opinion about plaintiff's earning capacity would change if there were no work restrictions. The court is not persuaded that there was clear error in its order excluding this evidence.

**IT IS THEREFORE ORDERED** that plaintiff Randall W. Foster's Motion to Reconsider Order Excluding Expert Testimony of Michael Dreiling and Dr. Gary Baker (Doc. 166) is denied.

Dated August 31, 2018, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**