# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

RANDALL W. FOSTER,

    Plaintiff,

v.

USIC LOCATING SERVICES, LLC,

    Defendant.

Case No. 16-2174-CM

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff Randall W. Foster's Motion to Reconsider Order Excluding Boyd Smith's Expert Report (Doc. 169). This court granted defendant USIC Locating Services, LLC's Motion to Exclude Plaintiff's Rebuttal Expert Boyd Smith (Doc. 168.) This court found that plaintiff's rebuttal expert, Boyd Smith, was improperly designated as a rebuttal expert and should be excluded because he was an untimely disclosed case-in-chief expert. Plaintiff now moves for reconsideration of this court's order, claiming the exclusion of the testimony constitutes manifest injustice.

Rule 7.3(b) of the Local Rules provides an opportunity for parties to seek reconsideration of a non-dispositive order. Relief under Rule 7.3(b) is available only if a party can establish (1) there is an intervening change in controlling law, (2) there is new evidence that was previously unavailable, or (3) there is a need to correct clear error or prevent manifest injustice. This standard is identical to that provided in Rule 59(e) of the Federal Rules of Civil Procedure. A motion to alter or amend judgment under Rule 59(e) is appropriate where the "court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). It should

not be used to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Plaintiff argues this court should reconsider its order because excluding Smith's testimony constitutes manifest injustice. Plaintiff's reasons why this court's order constitutes manifest injustice, however, are based primarily on arguments already raised in opposition to the original motion. Plaintiff continues to claim that there was no way he could have known, prior to defendant's expert's report, that there was any reason a locator could not have located the underground line at issue. The court has already addressed this in its prior order. Plaintiff retained a case-in-chief expert who, having all of the information available to defendant's expert, did not comment on any deficiency in what connection point the locator used. Instead, the case-in-chief expert concluded defendant was negligent and liable for plaintiff's injuries simply for not locating the wire. Defendant's expert then provided a report theorizing why the locator may have been unable to locate underground wire, finding that defendant's locator relied on a faulty utility map and that certain circumstances, including a "signal split," may have caused the wire to be undetectable. Plaintiff then hired Smith to perform an independent locate of the site at issue. Smith concluded that a competent locator would have used a different connection point technique than the one defendant's locator used, and that any adequately trained locator using reasonable diligence should have detected the wire. Plaintiff believes this is proper rebuttal testimony because it shows that the underground line was locatable by any competent utility locator. Smith's opinion, however, does not directly address Koch's conclusions about why the line might have been unlocatable or the locator's reliance on the faulty utility map. Instead, Smith concludes generally what "appropriate locate techniques" should have been used for that locate request. And as the court addressed in its order, Smith did not review or provide any commentary on

Koch's report. While this alone is not a conclusive factor, it certainly demonstrates that Smith was not hired to rebut Koch's conclusions about why the wire might not have been locatable.

This court has "'broad discretion' in deciding whether to admit or exclude rebuttal evidence." *Koch v. Koch Indus., Inc*. 203 F.3d 1202, 1224 (10th Cir. 2000). And a plaintiff "who knows that the defendant means to contest an issue that is germane to the prima facie case (as distinct from an affirmative defense) must put in his evidence on the issue as part of his case in chief." *Stephenson v. Wyeth LLC*, No. 04-2312-CM, 2011 WL 4900039 at *1 (D. Kan. Oct. 14, 2011). Plaintiff here has the burden of proving defendant was negligent and liable for his injuries. Theories as to why defendant was negligent are properly in plaintiff's case-in-chief. *See id.* An expert's conclusion that "any utility locator, with adequate training and using reasonable diligence, should be able to perform [the] locate accurately and completely," is certainly germane to the prima facie case. And commentary on what "appropriate locate techniques" should have been used seems less like rebuttal evidence when the question at issue is whether defendant was negligent in failing to locate a live underground wire. Smith's conclusions are far too broad to be considered rebuttal to Koch's report.

Further, this court has already addressed why Smith's untimely case-in-chief testimony is not justified at this point in the case. Plaintiff provides no new reasons why this court's prior decision constitutes manifest injustice.

**IT IS THEREFORE ORDERED** that plaintiff Randall W. Foster's Motion to Reconsider Order Excluding Boyd Smith's Expert Report (Doc. 169) is denied.

Dated September 6, 2018, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**